**Deborah S. TYLER, Plaintiff-Appellant,**

v.

**EMORY HEALTHCARE, INC., Defendant-Appellee.**

**No. 16-11807 Non-Argument Calendar**

United States Court of Appeals, Eleventh Circuit.

(February 6, 2017)

Cheryl Barnes Legare, Legare Attwood & Wolfe, LLC, Atlanta, GA, for Plaintiff-Appellant

Toni J. Read, John S. Snelling, Lewis Brisbois Bisgaard & Smith, LLP, Atlanta, GA, for Defendant-Appellee

Before WILSON, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Deborah S. Tyler claims that her former employer, Emory Healthcare (Emory), terminated her employment because of her age, in violation of the Age Discrimination in Employment Act (ADEA). The district court granted Emory summary judgment. This is Tyler's appeal.

Tyler was the Director of Surgical Services at an Emory hospital. The hospital's Chief Executive Officer (CEO), Richard Craig McCoy, terminated her employment in August 2011. Tyler contends that McCoy acted as a mere cat's paw for the discriminatory animus of the hospital's outgoing CEO, James Thweatt. According to Tyler, summary judgment was improper because she set forth a mosaic of circumstantial evidence establishing a triable issue of intentional discrimination under the cat's paw theory. *See Sims v. MVM, Inc.*, 704 F.3d 1327, 1333 (11th Cir. 2013) ("A triable issue of fact exists if the record ... presents a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination...." (internal quotation marks omitted)).

Reviewing the district court's decision de novo and taking the evidence in the light most favorable to Tyler, *see Quigg v. Thomas Cty. Sch. Dist.*, 814 F.3d 1227, 1235 (11th Cir. 2016), we affirm. To prevail under the cat's paw theory, Tyler "must prove that [Thweatt]'s animus was a 'but-for' cause of, or a determinative influence on, [McCoy's] ultimate decision." *See Sims*, 704 F.3d at 1337. Tyler failed to present evidence from which a jury could find such a causal link.

Tyler asserts that, during an April 2011 conversation about hospital management, Thweatt advised McCoy to terminate her employment; Thweatt's advice was based

on discriminatory animus; and McCoy relied on the advice in deciding to fire her. Although a jury could find that Thweatt was biased against Tyler because of her age,[1] no evidence indicates that Thweatt advised McCoy to fire Tyler during the April 2011 conversation. Indeed, no evidence indicates that Thweatt and McCoy even discussed Tyler. Furthermore, McCoy did not terminate Tyler's employment until August 2011—four months after his conversation with Thweatt—and McCoy independently reviewed Tyler's performance before firing her. *See id.* (finding no causal link between a third party's animus and a decision-maker's adverse action because, among other things, the decision-maker independently evaluated the plaintiff's performance).

**AFFIRMED.**

---

1. Based on the record, a jury could conclude that (1) Thweatt referred to Tyler as a "battle-ax" in April 2011 and (2) the "battle-ax" comment, considered in context, was an age-related comment that evidenced discriminatory animus against Tyler.